IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TERRO SMITH,                                §
TDCJ #875683,                               §
                                            §
            Petitioner,                     §
                                            §
v.                                          §        CIVIL ACTION NO. H-04-0372
                                            §
DOUG DRETKE, Director,                      §
Texas Department of Criminal Justice-       §
Correctional Institutions Division,         §
                                            §
            Respondent.                     §

## MEMORANDUM AND ORDER

State inmate Terro Smith filed a petition for a federal writ of habeas corpus under 28

U.S.C. § 2254, seeking relief from a state court conviction.  The respondent has filed a

motion for summary judgment, arguing that Smith is not entitled to federal habeas corpus

relief.  (Docket Entry No. 16).  Smith has not filed a response to the motion, and his time to

do so has expired.  After considering all of the pleadings, the records, and the applicable law,

the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.    PROCEDURAL HISTORY

Smith pleaded guilty on May 14, 1999, in cause number 803602, to charges of

aggravated sexual assault of a child.  In exchange for that plea, the 263rd District Court of

Harris County, Texas, sentenced Smith to serve eighteen years in prison.  Smith did not file

a direct appeal from his conviction.

On July 2, 2003, Smith filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Smith sought relief on the following grounds: (1) the judgment and sentence are void because the trial court lacked jurisdiction over the parties and the subject matter; (2) he was incompetent at the time of the alleged offense and the trial because he was under psychiatric care; (3) he was incompetent at the time of the alleged offense and the trial because he was under the influence of anti-psychotic medication; (4) the trial court lacked jurisdiction because of a defect in the indictment; and (5) he was denied effective assistance of counsel. The state habeas corpus court entered findings and recommended that habeas corpus relief be denied. The Texas Court of Criminal Appeals agreed and denied relief without a written order, based on findings made by the state habeas corpus court, on November 26, 2003. *See Ex parte Smith*, No. 57, 411-01 (Tex. Crim. App.)

Smith filed the pending petition for a federal writ of habeas corpus on January 27, 2004,[1] raising the same claims that he presented in state court. After reviewing the pleadings, the Court dismissed the petition *sua sponte* as barred by the one-year statute of limitations. The Fifth Circuit vacated the dismissal order and remanded for additional

---

[1]    The Clerk's Office received Smith's petition on January 30, 2004, in an envelope post-marked January 28, 2004. However, Smith executed his pleadings on January 27, 2004, indicating that he placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

consideration of whether Smith's alleged mental problems merited equitable tolling.  The respondent moves for summary judgment on the grounds that the petition is time-barred and there is no valid basis for tolling of the limitations period.  For reasons discussed more fully below, the Court concludes that the respondent is entitled to summary judgment.

## II.    STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; and *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.  *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  In deciding

whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) ("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers."). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

In addition, as noted above, Smith has not filed a response to the motion for summary judgment, which was filed by the respondent on May 17, 2005, and served on Smith at the address listed in his pleadings. According to this Court's local rules, responses to motions

4

are due within twenty days.  S.D. TEX. R. 7.3.  Any failure to respond is taken as a representation of no opposition.  S.D. TEX. R. 7.4.  The Court specifically directed Smith to respond within thirty days to any dispositive motion filed by the defendants or face dismissal for want of prosecution.  (Docket Entry No. 11, ¶ 6).  Notwithstanding Smith's failure to respond, summary judgment may not be awarded by default.  *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule."  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279).  In that regard, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the reviewing court may not grant the motion regardless of whether any response was filed.  *See Hetzel*, 50 F.3d at 362 n.3.  Nevertheless, in determining whether summary judgment is warranted, a district court may accept as undisputed the facts set forth in the unopposed motion.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III.   DISCUSSION

### A.     The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Smith challenges a state court judgment, the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As noted above, Smith pleaded guilty on May 14, 1999, and he did not pursue a direct appeal.  Accordingly, his conviction became final thirty days later, on June 13, 1999, when his time to file a direct appeal expired.  *See* TEX. R. APP. P. 26.2(a)(1).  That date triggered the statute of limitations, which expired one year later on

June 13, 2000.  Smith's pending federal habeas corpus petition, filed well past the deadline on January 27, 2004, is therefore time-barred unless an exception applies.

**B.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).   Smith filed a state habeas corpus application on July 2, 2003, which the Texas Court of Criminal Appeals denied without written order on November 26, 2003.  *See Ex parte Smith,* No. 57,411-01 (Tex. Crim. App.).  Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

The petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.   *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

**C.     Equitable Tolling**

The only remaining issue is whether Smith is entitled to equitable tolling because of an alleged mental impairment.  The statute of limitations found in the AEDPA may be

equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The party seeking the benefit of equitable tolling bears the burden to show that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Smith pleaded guilty on May 14, 1999. He waited more than four years to challenge his conviction, submitting his state habeas corpus application on July 2, 2003. Smith did not delay materially in filing his federal habeas application,[2] the record discloses substantial

---

[2] After the Texas Court of Criminal Appeals denied state habeas corpus relief on November 26, 2003, Smith waited two more months, until January 27, 2004, to execute the federal habeas corpus petition filed in this case.

delay on Smith's part, and he has not clearly explained any valid basis for his lack of diligence other than hinting at a competency issue.  (Docket Entry No. 1).

The respondent maintains that Smith has not met his burden to show that extraordinary circumstances warrant equitable tolling on account of a mental impairment. The respondent points to the state court record in this case, which includes an affidavit from Smith's trial attorney.   In that affidavit, attorney James Dennis Smith explains that a competency examination was conducted in Smith's case and he was found competent to stand trial.  The respondent has also presented a copy of Smith's competency evaluation. (Docket Entry No. 16, Exhibit B).  The report confirms that Smith had been prescribed "Lithium (a mood stabilizer) and Zyprexa (a neuroleptic, or antipsychotic, drug)" while in jail, and that he had been diagnosed with a "schizoaffective disorder" following his hospitalization for the use of "fry" and other illicit street drugs.  According to the evaluation, Smith agreed that his disorder was "fairly well controlled with medication," although the stress of incarceration exacerbated his symptoms.  The examiner observed no "symptoms of acute mental illness," however, and opined that Smith was competent.  The state habeas corpus court found the affidavit from Smith's attorney credible and concluded that Smith was competent.  Smith has the burden to rebut this finding, which is presumed correct under 28 U.S.C. § 2254(e), with clear and convincing evidence.   Smith has made no effort to meet that burden.

Smith has alleged that, at the time of the offense, he was under psychiatric care and taking antipsychotic medication, including "[Lithium], Zexpria, Respidol, [and] Naviane,"

for a "mental disorder clinically referred to as Bi-Polar Manic Depressant, Schizophrenia."
(Docket Entry No. 1, at i). Smith has presented no evidence in support of his allegations.
More importantly, Smith has not alleged or otherwise demonstrated that his mental condition
deteriorated after the above-referenced competency evaluation was completed, or that he was
so incapacitated by his mental condition that he was unable to pursue habeas relief in a
timely manner between May 1999 and July 2003 when he submitted his state habeas
application. Although Smith proceeds *pro se*, his incarceration and ignorance of the law do
not otherwise excuse his failure to file a timely petition and are not grounds for equitable
tolling. *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.
2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable
tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that
"lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the
legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Fifth Circuit has emphasized that the "strict one-year limitations period" imposed
by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of
exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Smith has not shown
the requisite level of diligence or established that his circumstances are among those "rare
and exceptional" conditions which warrant deviation from the express rules that Congress
has provided. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531
U.S. 1035 (2000). Because Smith has not raised a genuine issue of material fact on whether
he is entitled to equitable tolling, the Court concludes that his pending federal habeas corpus

10

petition is barred by the applicable one-year limitations period.  The respondent's motion for summary judgment on this issue is granted.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has a valid claim.  Accordingly, a certificate of appealability will not issue in this case.

## V.   CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED**.

2.     This federal habeas corpus proceeding is **DISMISSED** with prejudice.

11

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 22, 2005**.

Nancy F. Atlas
United States District Judge